EMMERICH KALMAN, Appellant, v. JACOB J. SHUBERT, Respondent.

Order affirmed, with twenty dollars costs and disbursements. No opinion. (Untermyer, J., dissents.)

Present — McAvoy, Merrell, O'Malley, Townley and Untermyer, JJ.; Untermyer, J., dissents.

UNTERMYER, J. (dissenting). The complaint demanding a declaratory judgment of the rights and legal relations of the plaintiff and the defendant in certain operettas, has been dismissed upon motion as insufficient on the ground that there are other remedies available to the plaintiff. On account of a writing executed by the plaintiff, the defendant claims to have the exclusive right to perform these operettas within the United States and Canada. The plaintiff denies the existence of any contract with the defendant or that the defendant acquired any rights by reason of that instrument. Obviously, these conflicting claims must at some time be decided and the only question is whether this shall be now or at the end of costly litigation after damage has resulted from infraction of the rights of one of the parties by the other.

It appears to me that this is an eminently proper situation for a judgment declaring the rights of the parties. The plaintiff cannot maintain an action against the defendant for damages, for the plaintiff asserts that there is no contract between the parties. For the same reason he cannot maintain an action for a rescission. He cannot maintain an action for an injunction because the defendant may never attempt to exercise the rights which he asserts. Yet the plaintiff dare not sell the operettas to others without subjecting himself to the danger of serious litigation arising out of the defendant's claim of exclusive right. Under these circumstances the plaintiff cannot be protected except by a declaratory judgment, which will serve " in quieting or stabilizing an uncertain or disputed jural relation." (James v. Alderton Dock Yards, Ltd., 256 N. Y. 298; Sartorious v. Cohen, 249 id. 31.) Unless the declaratory judgment is to be deprived of half its usefulness it should be applicable to such a case as this. (See Borchard, Declaratory Judgments, p. 407.)

On the plaintiff's motion to dismiss the counterclaims contained in the first, second and third defenses I am of opinion that the motion should be granted to the extent of dismissing the counterclaim contained in the first defense as insufficient in law, and otherwise denied.